IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HEATHER SHIRAH,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HOUSTON COUNTY, ALABAMA; HOUSTON COUNTY SHERIFF'S OFFICE; HOUSTON COUNTY DISTRICT ATTORNEY'S OFFICE; RUSS GOODMAN in his official capacity as District Attorney for Houston County District Attorney's Office; RUSS GOODMAN in his individual capacity; JAY HENRY in his official capacity as Investigator for Houston County District Attorney's Office; JAY HENRY in his individual capacity; DONALD VALENZA, in his official capacity as Sheriff of Houston County; DONALD VALENZA, in his individual capacity; JAMES BRAZIER in his official capacity as Jail Commander for Houston County Sherriff's Office; and JAMES BRAZIER in his individual capacity,**<br><br>**Defendants.** | **Civil Case Number: 1:25-cv-273**<br><br>**JURY DEMAND** |

## COMPLAINT

### JURSIDICTION AND VENUE

1. This is an action for damages and other relief brought to secure the protection of and to redress the deprivation of rights secured by the Fourth and Fourteenth Amendments of the Constitution of the United States. Plaintiff asserts her claims for relief against Houston County, Alabama, Houston County Sheriff's Department, and employees of the Houston County and

Houston County Sheriff's Office in their official and individual capacities for the violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. §1983.

2. This Honorable Court has jurisdiction over this cause of action pursuant to 28 U.S.C. §§1331, 1343(a)(3) and (4), and 1367.

3. Venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391(b) because the unlawful acts alleged herein occurred in Houston County and Dale County, Alabama. Moreover, Defendants Houston County, Alabama and the Houston County Sherriff's Department are located in Houston County, Alabama.

4. At all times material to Plaintiff's claims, the Defendants were state actors acting under color of state law.  The Defendants are sued in their official capacity and in their individual capacity.

**PARTIES**

5. The Plaintiff, Heather Shirah, is an individual over the age of nineteen (19) years and a citizen of the United States residing in Houston County, Alabama.

6. Houston County, Alabama is a political subdivision of the State of Alabama, which maintains and is responsible for the administration of the county jail facility.  Houston County, Alabama, as a local government, is a public entity in accordance with 42 U.S.C. §§ 12111(5) and 12131(1).  Houston County has funding responsibilities for Houston County Sheriff's Office and Houston County District Attorney's office, and consequently controls the allocation of resources of Houston County Sheriff's Office and Houston County District Attorney's Office, and the availability of training for the personnel. Houston County Sheriff's Office and Houston County District Attorney's Office are governmental entities established and funded by Houston County, Alabama.  Defendants, Houston County, Alabama, Houston County Sheriff's Office and Houston County District Attorney's Office, are state actors acting under color of law at all times material to this cause of action, and subject to suit pursuant to 42 U.S.C. §1983.

7. Upon information and belief, Defendant Russ Goodman, is an individual over the age of nineteen (19) years and a citizen of the United States. At all times material to this Complaint, Defendant Goodman was the Houston County District Attorney. Defendant Goodman is a constitutional officer acting with the authority invested by virtue of his position as District Attorney of Houston County, Alabama, and is a state actor acting under color of law at all times

material to this cause of action, and subject to suit pursuant to 42 U.S.C. §1983. Upon information and belief, Defendant Jay Henry served at the pleasure of Defendant Goodman with the Houston County District Attorney's Office.

8. Defendant, Jay Henry, is an individual over the age of nineteen (19) years and a citizen of the United States. At all times material to this complaint, Henry was an investigator for Houston County District Attorney's Office. As an agent of Houston County District Attorney's Office, Henry acted with the authority invested by virtue of employment with Houston County District Attorney's Office, and is a state actor acting under color of law at all times material to this cause of action, and subject to suit pursuant to 42 U.S.C. §1983.

9. Upon information and belief, Defendant Donald Valenza, is an individual over the age of nineteen (19) years and a citizen of the United States. At all times material to this complaint, Valenza was the Houston County Sheriff. Hughes is a constitutional officer acting with the authority invested by virtue of his position as Sheriff of Houston County, Alabama, and is a state actor acting under color of law at all times material to this cause of action, and subject to suit pursuant to 42 U.S.C. §1983. Upon information and belief, Defendant James Brazier and all other jailers and staff at Houston County Jail all served at the pleasure of the defendant Valenza with the Houston County Sheriff's Office.

10. Defendant, James Brazier, is an individual over the age of nineteen (19) years and a citizen of the United States. At all times material to this complaint, Brazier was the Jail Commander for Houston County Sheriff's Office. As an agent of Houston County Sheriff's Office, Brazier acted with the authority invested by virtue of employment with Houston County Sheriff's Office, and is a state actor acting under color of law at all times material to this cause of action, and subject to suit pursuant to 42 U.S.C. §1983.

11. Defendant, John Doe, was a Houston County police officer, an agent of the Houston County Defendants, and a state actor acting under color of law at all times material to this cause of action.

## FACTUAL ALLEGATIONS

12. On or about April 11, 2023, the Plaintiff, Heather Shirah, age 45, was staying at a Days Inn in Ozark, Dale County, Alabama.

13. At that time, Heather Shirah had been pregnant for approximately four or five months, with no complications in the course of her pregnancy. Shortly before the events described

herein below, Heather Shirah had visited her obstetrician, who confirmed that her unborn infant was a healthy baby girl.

14. On or about April 11, 2023, Defendant Jay Henry, an Investigator for Houston County District Attorney's Office, together with at least one officer working for Dale County Sheriff's Office came to her room at the Days Inn in Ozark, Dale County, Alabama to place her under arrest.

15. Defendant Henry walked into Heather Shirah's room and handcuffed her, forcibly pulled her out of the room, and then walked her to his truck.

16. In the course of his arrest and seizure of Heather Shirah, Defendant Henry violently slammed the door of his truck on Heather Shirah's body with excessive force under the circumstances, in violation of her constitutional rights.

17. Defendant Henry searched for, seized, and arrested Heather Shirah in Ozark, Dale County, Alabama, in consequence of her alleged refusal to meet with the Alabama Department of Human Resources following a recent arrest he made on her in Dothan, Houston County, Alabama for truancy.

18. Heather Shirah posed no immediate threat to Defendant Henry, and was not actively resisting him or attempting to flee.

19. The force used by Defendant Henry in violently slamming the door on Heather Shirah's body was not necessary or proportionate to the situation.

20. The violence and force of the blow to Heather Shirah's body resulted in severe and traumatic injuries to her abdomen, foot, and head, and, upon information and belief, severely injured her unborn child, direct and proximately causing a miscarriage of Heather Shirah's pregnancy.

21. Following her unlawful seizure by Defendant Henry, Heather Shirah was put in another vehicle and transported to the county line between Dale County and Houston County.

22. Heather Shirah was then transferred into the custody of officers from Houston County Sheriff's Department and transported to Houston County Jail, where she was detained.

23. Upon information and belief, Houston County Jail is operated by Houston County Sheriff's Office under the direction of Jail Commander James Brazier and Sheriff Donald Valenza.

24. On April 12, 2023, while detained at Houston County Jail, Heather Shirah requested medical attention because she was concerned that the forceful and violent blow to her body the day before had injured her unborn child.

25. Upon information and belief, the baby's heart rate was checked by staff at Houston County Jail and was irregular.

26. Despite these abnormal results, Heather Shirah was not taken to the hospital and was offered no further medical attention or care for herself or for her unborn child while detained at Houston County Jail.

27. Over the course of the next several days, Heather Shirah suffered intermittent hemorrhaging while detained at Houston County Jail, and was not still not provided any medical care or attention, despite considerable blood loss.

28. During this time, Heather Shirah desperately pleaded for help from the jailers and staff at Houston County Jail.

29. Heather Shirah's cellmates also made several requests for the jailers and staff at Houston County Jail to attend to her obvious medical emergency.

30. Heather Shirah's pleas for help and her cellmates' requests for her medical attention were willfully and wantonly ignored.

31. As a result, Heather Shirah's unborn infant was miscarried and delivered without medical assistance on the floor at Houston County Jail.

32. Despite her many requests to the Defendants, she was never told what happened to her baby's body, and has forever been denied the opportunity to fully and completely grieve the death of her baby girl.

33. Upon information and belief, jailers and staff at Houston County Jail where on duty in the days following April 12, 2023, and heard Heather Shirah's pleas for help. None of them took any action to obtain medical treatment for Heather Shirah until after she lost consciousness as a result of severe hemorrhaging in delivery on the floor of the cell where she was detained at Houston County Jail.

34. Defendant Donald Valenza, individually and as Sheriff of Houston County, and Defendant James Brazier, individually and as Jail Commander for Houston County Sheriff's Department failed to ensure that detainees received adequate and prompt medical care, including but not limited to, creating and implementing sufficient policies and procedures regarding

providing medical care to detainees, ensuring adequate and sufficient training regarding medical care for detainees, providing proper supervision and discipline of jailers and ensuring sufficient staffing to prevent deliberate indifference to the medical needs of inmates. These failures constitute a deliberate and reckless disregard of the medical needs of Heather Shirah and the violation of her constitutional rights ultimately resulting severe injuries and, upon information and belief, the loss of her unborn child.

## COUNT ONE
## VIOLATION OF THE FOURTH AMENDMENT
### Excessive Force

35. The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein.

36. Use of excessive force during an arrest, investigatory stop, or other seizure violates the Fourth Amendment.

37. In the course of his arrest and seizure of Heather Shirah, Defendant Henry violently slammed the door of his truck on Heather Shirah's body with excessive force under the circumstances, in violation of her constitutional rights.

38. Defendant Henry had searched for, seized, and arrested Heather Shirah in Ozark, Dale County, Alabama, in consequence of her alleged refusal to meet with the Alabama Department of Human Resources following a recent arrest he made on her in Dothan, Houston County, Alabama for truancy.

39. Heather Shirah posed no immediate threat to Defendant Henry, and was not actively resisting him or attempting to flee.

40. The force used by Defendant Henry in violently slamming the door on Heather Shirah's body was not necessary or proportionate to the situation.

41. The violence and force of the blow to Heather Shirah's body resulted in severe and traumatic injuries to her abdomen, foot, and head, and, upon information and belief, severely injured her unborn child, ultimately resulting in miscarriage.

42. Defendant Russ Goodman, individually and as District Attorney for Houston County, failed to ensure that investigators for Houston County District Attorney's Office use only objectively reasonable actions during an arrest, investigatory stop, or other seizure, including but not limited to, creating and implementing sufficient policies and procedures regarding arrests,

investigatory stops, or other seizures, ensuring adequate and sufficient training regarding arrests, investigatory stops, or other seizures, and providing proper supervision and discipline of investigators. These failures constitute a violation of Heather Shirah's constitutional rights and directly and proximately resulted in severe and traumatic injuries and, upon information and belief, the loss of her unborn baby girl.

## COUNT TWO
## VIOLATION OF THE FOURTEENTH AMENDMENT
### Deliberate Indifference to Medical Needs

43. The Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set out in specific detail herein.

44. Deliberate indifference to a substantial risk of serious harm to a pretrial detainee violates the Fourteenth Amendment.

45. During her incarceration at the Houston County Jail, Heather Shirah suffered severe hemorrhaging for several days and ultimately delivered her miscarried baby's body on the floor at Houston County Jail.  Her pleas for medical attention were willfully and wantonly ignored.

46. The Defendants had subjective knowledge of the substantial risk of serious harm to Heather Shirah if she did not receive medical treatment. Nevertheless, the Defendants responded with deliberate indifference to that risk and denied Heather Shirah medical treatment that could have could have prevented harm to her and, upon information and belief, could have prevented the loss of her child.

47. Upon information and belief, jailers and staff at Houston County Jail where on duty in the days following April 12, 2023, and heard Heather Shirah's pleas for help.  None of them took any action to obtain medical treatment for Heather Shirah until after she lost consciousness as a result of severe hemorrhaging in delivery on the floor at Houston County Jail.

48. Defendant Donald Valenza, individually and as Sheriff of Houston County, and Defendant James Brazier, individually and as Jail Commander for Houston County Sheriff's Department failed to ensure that detainees received adequate and prompt medical care, including but not limited to, creating and implementing sufficient policies and procedures regarding providing medical care to detainees, ensuring adequate and sufficient training regarding medical care for detainees, providing proper supervision and discipline of jailers and ensuring sufficient

staffing to prevent deliberate indifference to the medical needs of inmates. These failures constitute a deliberate and reckless disregard of the medical needs of Heather Shirah and the violation of her constitutional rights ultimately resulting severe injuries and, upon information and belief, the loss of her unborn baby girl.

## PRAYER FOR RELIEF

**WHEREFORE**, Heather Shirah respectfully prays that this Court will assume jurisdiction of this action and, after trial, provide relief as follows:

1. Issue an Order requiring the defendants to make Heather Shirah whole by awarding compensatory damages and punitive damages.

2. An award of litigation costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1988 and other applicable statutes.

3. Such other and further relief as the court may deem just and proper.

4. Enjoin the continuation of the unlawful policies, practices and procedures.

## PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted,

NORRIS INJURY LAWYERS, LLC

 /s/ Nathan Evans
**Nathan Evans** (Bar No. 8952V10A)
*Attorney for Plaintiff*

OF COUNSEL:

**NORRIS INJURY LAWYERS, PC**
201 Vulcan Road
Birmingham, AL 35209
(205) 397-3133
nee@getnorris.com

**Plaintiff requests this Honorable Court serve the following named Defendants with a copy of the Summons and Complaint via certified mail:**

DEFENDANTS ADDRESSES:

Houston County Alabama
462 N. Oates Street
Dothan, AL 36303

Houston County Sheriff's Office
411 N. Foster Street
Dothan, AL 36303

Houston County District Attorney's Office
PO Box 1632
Dothan, AL 36302

Russ Goodman, District Attorney
Houston County District Attorney's Office
PO Box 1632
Dothan, AL 36302

Jay Henry, District Attorney Investigator
Houston County District Attorney's Office
114 N. Oates Street
Dothan, AL 36303

Donald Valenza, Sheriff
Houston County Sheriff's Office
PO Drawer 6406
Dothan, AL 36301

James Brazier, Jail Commander
Houston County Sheriff's Office – Jail
164 North Oates Street
Dothan, AL 36303