IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HEATHER SHIRAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-00273-BL |
| | ) | |
| HOUSTON COUNTY DISTRICT ATTORNEY OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Heather Shirah initiated this action on April 9, 2025. (Doc. 1). On August 11, 2025, the Defendants filed motions to dismiss. (Docs. 21 & 23). On December 22, 2025, the Magistrate Judge recommended that the court grant those motions and dismiss this action. (Doc. 44). The Plaintiff filed objections to the recommendation. (Doc. 45).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's

obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

The Plaintiff makes three objections to the Magistrate Judge's recommendation: (1) she objects to "the application of qualified immunity to the Fourth Amendment excessive-force claim at the pleading stage," (2) she "requests the Court maintain analytical clarity between Article III standing and the *Ex parte Young* doctrine," and (3) she argues that "the dismissal should be without prejudice and with leave to amend." (Doc. 45).

First, the court will address the Plaintiff's qualified immunity argument. The Magistrate Judge found that the Plaintiff failed to meet her burden to show that qualified immunity did not apply to the Defendants. The Magistrate Judge noted that, in her briefing, the Plaintiff only addressed the Defendants' qualified immunity defense in one paragraph, which was lacking in citations to authority and specific argument on the clearly established prong. (Doc. 44 at 21–24). In light of that, the Magistrate Judge found that the Plaintiff failed to satisfy her burden of showing that the right violated by the Defendants was "clearly established" and that Henry and

Goodman were entitled to qualified immunity as to the individual-capacity excessive force claims.

In her objections, the Plaintiff presents argument and cites authority for the first time to attempt to satisfy her burden. "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). However, the Eleventh Circuit has also held that a district court has discretion to consider an argument raised for the first time in objections. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) ("In the light of this broad discretion, the district court was not barred from considering an argument of [the parties] that had not been presented to the magistrate judge, and we conclude that the district court did not abuse its discretion by accepting the new argument."). Here, the court will accept the Plaintiff's new argument and legal citations on the "clearly established" prong.[1]

> At all times material to this complaint, Henry was an investigator for Houston County District Attorney's Office.
>
> . . . .
>
> 12. On or about April 11, 2023, the Plaintiff, Heather Shirah, age 45, was staying at a Days Inn in Ozark, Dale County, Alabama.
>
> 13. At that time, Heather Shirah had been pregnant for approximately four or five months, with no complications in the course of her

[1] The Defendants had the opportunity to respond to the Plaintiff's objections but did not do so. *See* Rule 72(b)(2), Fed. R. Civ. P. ("A party may respond to another party's objections within 14 days after being served with a copy.").

pregnancy. Shortly before the events described herein below, Heather Shirah had visited her obstetrician, who confirmed that her unborn infant was a healthy baby girl.

14. On or about April 11, 2023, Defendant Jay Henry, an Investigator for Houston County District Attorney's Office, together with at least one officer working for Dale County Sheriff's Office came to her room at the Days Inn in Ozark, Dale County, Alabama to place her under arrest.

15. Defendant Henry walked into Heather Shirah's room and handcuffed her, forcibly pulled her out of the room, and then walked her to his truck.

16. In the course of his arrest and seizure of Heather Shirah, Defendant Henry violently slammed the door of his truck on Heather Shirah's body with excessive force under the circumstances, in violation of her constitutional rights.

17. Defendant Henry searched for, seized, and arrested Heather Shirah in Ozark, Dale County, Alabama, in consequence of her alleged refusal to meet with the Alabama Department of Human Resources following a recent arrest he made on her in Dothan, Houston County, Alabama for truancy.

18. Heather Shirah posed no immediate threat to Defendant Henry, and was not actively resisting him or attempting to flee.

19. The force used by Defendant Henry in violently slamming the door on Heather Shirah's body was not necessary or proportionate to the situation.

20. The violence and force of the blow to Heather Shirah's body resulted in severe and traumatic injuries to her abdomen, foot, and head, and, upon information and belief, severely injured her unborn child, direct and proximately causing a miscarriage of Heather Shirah's pregnancy.

. . . .

> 24. On April 12, 2023, while detained at Houston County Jail, Heather Shirah requested medical attention because she was concerned that the forceful and violent blow to her body the day before had injured her unborn child.
>
> 25. Upon information and belief, the baby's heart rate was checked by staff at Houston County Jail and was irregular.
>
> . . . .
>
> 27. Over the course of the next several days, Heather Shirah suffered intermittent hemorrhaging while detained at Houston County Jail . . .
>
> . . . .
>
> 31. As a result, Heather Shirah's unborn infant was miscarried and delivered without medical assistance on the floor at Houston County Jail.

(Doc. 1 at 3–5).

The Plaintiff has established that Defendant Henry violated her clearly established rights under Eleventh Circuit precedent.

> *Graham* [*v. Connor*, 490 U.S. 386, 394–95 (1989),] dictates unambiguously that the force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight.

*Lee v. Ferraro*, 284 F.3d 1188, 1199 (11th Cir. 2002). Courts consider the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

The Defendant allegedly slammed the door of his truck on the Plaintiff's body, although she posed no threat and was not resisting or attempting to flee, causing severe and traumatic injuries to her abdomen, foot, and head, and to her previously healthy unborn child, eventually leading to hemorrhaging and a stillbirth. She was being arrested for "her alleged refusal to meet with the Alabama Department of Human Resources following a recent arrest [the Defendant] made on her in Dothan, Houston County, Alabama for truancy." (Doc. 1 at 6 ¶ 38). According to the complaint, she did not pose any danger to Defendant Henry, and was not resisting or attempting to flee. Under the circumstances alleged, Defendant Henry violated the Fourth Amendment.

There are three ways to show that a clearly established right has been violated to defeat a qualified immunity defense:

> (1) by pointing to a materially similar decision of the Supreme Court, [the Eleventh Circuit], or the supreme court of the state in which the case arose; (2) by establishing that a broader, clearly established principle should control the novel facts of the case; or (3) by [showing] the case is one of those rare ones that fits within the exception of conduct which so obviously violates th[e] constitution that prior case law is unnecessary.

*Powell v. Snook*, 25 F.4th 912, 920 (11th Cir. 2022), *abrogated on other grounds by Barnes v. Felix*, 605 U.S. 73 (May 15, 2025) (citations and internal quotation marks omitted). Here, the Plaintiff argues as follows:

> Hope v. Pelzer instructs that "officials can still be on notice that their conduct is unlawful even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). The Eleventh Circuit has repeatedly held that the gratuitous use of force against a secured, nonresisting arrestee violates the Fourth Amendment and is the sort of constitutional rule that gives officials fair warning. See *Lee v. Ferraro*, 284 F.3d 1188, 1198 (11th Cir. 2002) (excessive force where officer struck seated, secured arrestee); *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008) (gratuitous blows to a handcuffed arrestee). Taking the complaint's detailed factual allegations as true—i.e., that Investigator Henry, while placing a visibly pregnant, nonresisting Plaintiff into his vehicle, "violently slammed the door of his truck on [her] body," causing severe abdominal trauma, hemorrhaging, and the loss of her unborn child—Plaintiff has plausibly alleged conduct falling squarely within these controlling precedents and thus has satisfied the "fair warning" standard for overcoming qualified immunity at the pleading stage. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (pleading must be plausible); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because the complaint alleges specific, nonconclusory facts showing an unprovoked, gratuitous use of significant force against a compliant arrestee, dismissal on qualified-immunity grounds at the 12(b)(6) stage is premature.

(Doc. 45 at 2).

The Plaintiff is correct. The Eleventh Circuit has explained that force used on an arrestee after they are detained and secured and pose no threat to the officer nor risk of flight is objectively unreasonable. *See Lee*, 284 F.3d at 1199 ("Even though Ferraro had lawful authority to effect a custodial arrest and to use a reasonable amount of force to subdue and secure Lee, we can discern no reason, let alone any legitimate law enforcement need, for Officer Ferraro to have led Lee to the back of her car and slammed her head against the trunk *after* she was arrested and secured in handcuffs."). The Eleventh Circuit has specifically held that "slam[ming] [an

arrestee's] head against the trunk" of a car and "slamm[ing] [an arrestee's] head into the pavement and kick[ing] him" after an arrestee is secured clearly violates the Fourth Amendment. *See id.* (citing *Slicker v. Jackson*, 215 F.3d 1225 (11th Cir. 2000)).

Here, although it is unclear whether the Plaintiff was handcuffed before the Defendant slammed the door of his vehicle on her body, the allegations in the complaint establish that she was not resisting, attempting to flee, or otherwise providing any justification for the use of that force. In this circuit, this use of force violated a clearly established right. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008) ("Our cases hold that gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force. . . . Hadley neither resisted arrest nor posed a danger to Officer Ortivero sufficient to warrant a blow to the stomach. Thus Officer Ortivero was not entitled to use any force at that time.").

The Defendants' briefs before the Magistrate Judge relied heavily on the lack of allegations in the complaint as to the Plaintiff's injuries; they specifically point out that she did not seek treatment for her injuries. (Docs. 24 at 16–21, 39 at 10–17). The fact that a plaintiff suffered only minor injuries and did not seek treatment can reflect that *de minimus* force was used. *See Gold v. City of Miami*, 121 F.3d 1442, 1446–47 (11th Cir. 1997). However, here, the Plaintiff alleges that she suffered severe injuries resulting in the death of her child and that the jail in which

she was detained following her injuries failed to provide her medical treatment despite her requests. (Doc. 1 at 5). As the Plaintiff states: "The complaint's allegation that Plaintiff was visibly pregnant—and that the force employed directly caused traumatic abdominal injury, hemorrhaging, and miscarriage—amplifies the objective unreasonableness of the conduct." (Doc. 45 at 2–3). Henry's motion to dismiss the individual-capacity excessive force claims against him is due to be denied.

On the other hand, with respect to Defendant Goodman, the Plaintiff's arguments do not defeat the qualified immunity defense. The claim against Goodman is based on the following factual allegations:

> Defendant Jay Henry served at the pleasure of Defendant Goodman with the Houston County District Attorney's Office.
>
> . . . .
>
> . . . Defendant Russ Goodman, individually and as District Attorney for Houston County, failed to ensure that investigators for Houston County District Attorney's Office use only objectively reasonable actions during an arrest, investigatory stop, or other seizure, including but not limited to, creating and implementing sufficient policies and procedures regarding arrests, investigatory stops, or other seizures, ensuring adequate and sufficient training regarding arrests, investigatory stops, or other seizures, and providing proper supervision and discipline of investigators. These failures constitute a violation of Heather Shirah's constitutional rights and directly and proximately resulted in severe and traumatic injuries and, upon information and belief, the loss of her unborn baby girl.

(Doc. 1 at 3, 6–7).

The Plaintiff's objections do not explain how Goodman can be liable. The Supreme Court has held that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Velazquez v. City of Hialeah,* 484 F.3d 1340, 1341 (11th Cir. 2007) (quoting *Skrtich v. Thornton,* 280 F.3d 1295, 1302 (11th Cir.2002)) (quotation marks omitted). Here, there are no specific allegations in the complaint to establish that Goodman's own conduct violated the Plaintiff's clearly established rights. There are no allegations that Goodman was present at the scene. The Plaintiff's general allegations that Goodman failed in his responsibilities are insufficient. The objections do not add anything to connect Defendant Henry's violation to Defendant Goodman himself. Thus, even considering the new argument in her objections, the Plaintiff still fails to defeat Defendant Goodman's qualified immunity defense.

Next, the court will address the Plaintiff's argument that the recommendation conflated the issue of Article III standing with whether the Plaintiff had adequately alleged an ongoing violation of federal law under *Ex parte Young*. The Plaintiff asserts that, "[w]here the pleadings are found to be ambiguous about whether the

challenged policies remain in effect and whether the official-defendants continue to carry out the policies, the proper remedy is dismissal without prejudice and leave to amend," rather than dismissal for lack of standing. (Doc. 45 at 3). The Plaintiff provides an example of an allegation she could add to her complaint to allege an ongoing violation of federal law: "that the same office continues to use investigators who arrest and transport detainees without a written policy limiting use of force."

Here, the Magistrate Judge dismissed the Plaintiff's official-capacity claims against Valenza and Brazier on the basis that Eleventh Amendment Immunity applied and she failed to allege an ongoing constitutional violation to bring her claims within the *Ex parte Young* exception. (*See* doc. 44 at 17–20). However, the Magistrate Judge dismissed all of the claims for injunctive relief against Houston County District Attorney's Office, Goodman, and Henry for lack of standing, finding that the Plaintiff failed to allege a substantial likelihood of future injury from the policies she challenges in her complaint. (Doc. 44 at 12–13).

With respect to the claims against Houston County District Attorney's Office, Goodman, and Henry, the Magistrate Judge did not merely find that the complaint lacked sufficient detail about "whether the challenged policies remain in effect and whether the official-defendants continue to carry out the policies"; instead, the Magistrate Judge found that any allegations showing a likelihood of future harm were completely lacking. As the Magistrate Judge noted, the United States Supreme

Court has explained why this lack creates a standing issue: "Absent a sufficient likelihood that he will again be wronged in a similar way, [the plaintiff] is no more entitled to an injunction than any other citizen of [his city]; and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional." *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (holding the plaintiff had no standing to bring a federal claim for injunctive relief, reasoning that the allegation that he had "been illegally choked by the police on October 6, 1976, . . . d[id] nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part"). The Plaintiff's objection does not identify any error in the Magistrate Judge's findings and reasoning on the standing issue. The Magistrate Judge recommends the dismissal be without prejudice, allowing her to re-assert these claims in the future if she can demonstrate standing by alleging additional facts.

Finally, the Plaintiff objects to the dismissal of any of the claims with prejudice and without leave to amend, asserting that "[f]ederal law disfavors dismissals on jurisdictional or immunity grounds that foreclose a plaintiff's ability to cure pleading defects when cure is possible." (Doc. 45 at 3). She argues that she should be permitted to amend her complaint to allege "additional facts," such as, for

example, "that investigators remain employed, that the District Attorney's Office lacks a written use-of-force policy for investigators, and that Plaintiff reasonably fears future contact[] to preserve claims for injunctive relief and to provide the factual context necessary for properly resolving qualified immunity and supervisory liability at summary judgment after discovery." (Doc. 45 at 3–4).

The Magistrate Judge recommended that all dismissals based on jurisdictional or immunity grounds be without prejudice. On the merits, the Magistrate Judge recommended dismissal with prejudice. The court will find dismissal with prejudice warranted on the merits because the Plaintiff did not request leave to amend the complaint in her briefing on the motions to dismiss. She argues for the first time in her objections that she could allege additional facts in an amended pleading. "A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **OVERRULES** the Plaintiff's objections in part

and **ADOPTS** the recommendation on all points except for with respect to Defendant Henry's qualified immunity defense. The Magistrate Judge correctly concluded that qualified immunity applied to Henry because the Plaintiff did not meet her burden of persuasion to defeat that defense. The undersigned only reaches a different conclusion because the Plaintiff has met her burden in her objections. The court further **ORDERS** as follows:

1. The motion to dismiss (doc. 21) filed by Defendants Valenza and Brazier is **GRANTED**.

2. The Plaintiff's official-capacity claims against Valenza and Brazier are **DISMISSED** without prejudice as barred by Eleventh Amendment immunity.

3. The Plaintiff's individual-capacity claims against Valenza and Brazier are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

4. The motion to dismiss (doc. 23) filed by Defendants Houston County District Attorney's Office, Goodman, and Henry is **GRANTED** in part in part and **DENIED** in part.

5. The Plaintiff's claims for injunctive relief against Houston County District Attorney's Office and against Goodman and Henry in their individual and official capacities are **DISMISSED** without prejudice for lack of standing.

6. The Plaintiff's claims for monetary relief against Houston County District Attorney's Office and her official-capacity claims for monetary relief against Goodman and Henry are **DISMISSED** without prejudice as barred by Eleventh Amendment sovereign immunity.

7. The Plaintiff's individual-capacity claims against Goodman are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted because the claims are barred by the doctrine of qualified immunity.

8. This case will proceed on only the excessive force claim for monetary damages against Defendant Henry in his individual capacity.

**DONE** and **ORDERED** on this the 14th day of September, 2026.

BILL LEWIS
UNITED STATES DISTRICT JUDGE